IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHANAE CHANDLER,

    Plaintiff,

v.                                                                    No. 06-2742 B

JOHN PATRICK DALY,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
_____

        On April 21, 2006, the Plaintiff, Shanae Chandler, brought an action against the Defendant, John Patrick Daly, in the United States District Court for the Eastern District of Arkansas, alleging defamation and intentional infliction of emotional distress under Arkansas state law. The Plaintiff, who at one time was engaged to be married to the Defendant, averred in her complaint that, in June of 2001, Daly made false and misleading statements about her to a third party concerning claims of infidelity. The third party later published the statements in a book on or about May 6, 2003. On October 13, 2006, the United States District Court for the Eastern District of Arkansas granted Daly's request for a transfer to this district on the grounds that the case had no connection with the state of Arkansas. Specifically, the court noted that the Defendant resided in Tennessee, the Plaintiff resided in California, and the alleged statements at issue were made in Massachusetts. Before the Court is the motion of the Defendant to dismiss the Plaintiff's claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        Rule 12(b)(6) permits courts to dismiss a complaint for failure to state a claim upon which relief may be granted. It requires this Court to "construe the complaint in the light most favorable

to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

As an initial matter, the parties in this case are at odds as to which state law applies to this case, that of Tennessee or Arkansas. Generally, a federal court sitting in diversity is to apply the choice of law of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Id., 61 S. Ct. at 1021. However, this action was transferred to this district pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When such a transfer occurs, courts are instructed to apply the law of the transferring court, including choice of law rules. Ferens v. John Deere Co., 494 U.S. 516, 518-19, 110 S. Ct. 1274, 1277, 108 L. Ed. 2d 443 (1990); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 243 n.8, 102 S. Ct. 252, 259 n.8, 70 L. Ed. 2d 419 (1981), reh'g denied (Jan. 25, 1982); Watkins & Son Pet Supplies v. Iams Co., 254 F.3d 607, 611 (6th Cir. 2001), reh'g en banc denied (Aug. 9, 2001). If "personal jurisdiction was lacking over the defendant in the transferor court, the transferee court will apply the law that would have been applied if the action had been commenced in the transferee court." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3846 (2007); see also Martin v. Stokes, 623 F.2d 469, 475 (6th Cir. 1980) (same).

The Defendant argues in this case that the choice of law rules of Tennessee should apply on

the grounds that the Arkansas court did not in fact have personal jurisdiction over Daly, who resides in Tennessee. In response, Chandler points out that the Defendant moved to dismiss the Arkansas complaint for lack of personal jurisdiction and then later sought leave of the court to file an amended motion, stating that the amendment would "render moot the argument concerning personal jurisdiction originally advanced in the motion to dismiss and will submit an additional argument regarding lack of venue that Daly is entitled to make based upon the facts that have been developed in response to the original motion. Daly's argument regarding forum non conveniens will remain." In its order granting the request to file an amended motion to dismiss and denying the original motion as moot, the Arkansas court recognized that the Defendant had "drop[ped]" his personal jurisdiction argument. Chandler submits that, by withdrawing his objection to personal jurisdiction in the Arkansas action, Daly has waived his right to posit it here. In his reply, the Defendant offers no rebuttal to the Plaintiff's claim of waiver, and argues the merits of the case only with respect to Arkansas law, often characterizing it as "Plaintiff's choice of law."

"The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998), cert. denied, 526 U.S. 1146, 119 S. Ct. 2022, 143 L. Ed. 2d 1033 (1999) (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-05, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)). The defense "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S. Ct. 153, 155, 84 L. Ed. 167 (1939). "[A]n objection to personal jurisdiction is waived where a defendant does not challenge the court's personal jurisdiction over him within his first responsive pleading to the plaintiff's action." Lantz v. Private Satellite

Television, Inc., 865 F. Supp. 407, 409 (E.D. Mich. 1994); see also Fed. R. Civ. P. 12(h)(1) ("[a] defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion [to dismiss] or (B) if it is [not] made by motion [under Rule 12]").

In this case, even though Daly challenged the Arkansas court's jurisdiction over him in his initial responsive pleading, he withdrew that challenge in his motion to amend the motion to dismiss. Although the language in the motion for leave to amend concerning the continued efficacy of the personal jurisdiction objection is not entirely clear, the Arkansas court interpreted the motion to mean that the Defendant desired to withdraw the objection. There is nothing in the Court's file to suggest that the Defendant sought to correct that interpretation; nor does he do so here. See Preston v. Interstate Hotels & Resorts Inc., No. 3:06CV-11-H, 2007 WL 486731, at *3 (W.D. Ky. Feb. 11, 2007) (noting that proper time to contest personal jurisdiction was before the transferor court, not the court to which the case was transferred). Rather, it appears to the Court that, by offering nothing in response to the Plaintiff's assertion that the personal jurisdiction challenge has been waived and framing his argument on the merits as contained in his reply exclusively with respect to Arkansas law, Daly has essentially conceded that the Arkansas court had personal jurisdiction. Accordingly, the choice of law rules of Arkansas will be applied in this case. See Ferens, 494 U.S. at 518-19, 110 S. Ct. at 1277, supra; see also Rice v. Nova Biomedical Corp., 38 F.3d 909, 914 (7th Cir. 1994), cert. denied, 514 U.S. 1111, 115 S. Ct. 1964, 131 L. Ed. 2d 855 (1995) ("[i]t would defeat the purpose of requiring prompt assertion of the defense of lack of personal jurisdiction if the defendant, having raised an objection to personal jurisdiction at the outset as required, could without any penalty fail or refuse to press it, creating the impression that he had abandoned it . . ."); Roberts v. Owens-Corning Fiberglass Corp., 101 F. Supp. 2d 1076, 1081 (S.D. Ind. 1999) ("[w]hen a defendant's

conduct does not reflect a continuing objection to the power of the court to act over the defendant's person, the defense [of lack of personal jurisdiction] is waived").

The Defendant contends that the Plaintiff's defamation claim is time-barred.[1]  Under Arkansas law, statutes of limitations are generally considered to be procedural and the state applies its own limitations periods to cases filed in its courts.  Highland Indus. Park, Inc. v. BEI Defense Sys. Co., 357 F.3d 794, 796 (8th Cir. 2004), reh'g & reh'g en banc denied (Mar. 12, 2004).

In Arkansas, a one-year statute of limitation is applied to slander claims, see Ark. Code Ann. § 16-56-104(3), and a three-year period to claims for libel, see Ark. Code Ann. § 16-56-105(5).  See Faulkner v. Arkansas Childrens Hosp., 347 Ark. 941, 955, 69 S.W.3d 393, 402 (Ark. 2002) (defamation may be based on the spoken word (slander) or the written word (libel)).  Although the complaint characterizes the defamation claim as one for libel, the Defendant argues that it is in reality a slander claim and that the libel moniker was used for the sole purpose of avoiding the statutory bar.  Clearly, any claim of defamation grounded in slander and based on Daly's 2001 oral statement is time-barred.  See Ark. Code Ann. § 16-56-104(3) (actions "for words spoken slandering the character of another" "shall be commenced within one (1) year after the cause of action shall accrue and not thereafter").  In support of her libel claim, the Plaintiff argues that the Defendant is liable for the subsequent publication of his statements in May 2003.  The complaint alleges that

> [i]n June 2001 Defendant made false, misleading and defamatory statements to another party concerning Plaintiff, including statements accusing Plaintiff of infidelity while engaged to be married to Defendant and indicating Plaintiff had intentionally lied concerning Defendant's claims of infidelity.

---

[1] The Defendant also maintains in his motion that Chandler's claim for intentional infliction of emotional distress is barred by the Tennessee statute of limitations.  However, the Court need not address this argument based on its finding herein that the Plaintiff's claims are governed by Arkansas law and not that of Tennessee.

5

> Defendant was aware that the third party was working to obtain information in anticipation of authoring and publishing a book which could or would include the false, misleading and defamatory statements made by Defendant about Plaintiff.
>
> The statements by Defendant falsely communicate that Plaintiff was unfaithful during their engagement, that she was a liar as well, and that he had hard proof. Defendant knew, or should have known, that the third party to whom the statements were made would subsequently publish such statements and that such statements would be taken by the readers of the subsequent publication to establish Plaintiff was, indeed, engaged in illicit relations while engaged to Defendant, and that Plaintiff was a liar.

(Compl. at ¶¶ 8-10) Chandler submits that the libel claim, filed within three years from the book's publication, is timely.

Regretfully, the Arkansas courts have failed to directly address the issue of whether one may be held liable for republication of his defamatory statements by another. However, it has been suggested that such actions may have some efficacy where republication was foreseeable as a natural and probable consequence of the original publication. See Luster v. Retail Credit Co., 575 F.2d 609, 613 (8th Cir. 1978) (federal court of appeals affirmed district court's implicit holding that Arkansas Supreme Court would find that "a defendant could be liable for unauthorized republications if such republications were reasonably foreseeable"); Wal-Mart Stores, Inc. v. Lee, 348 Ark. 707, 729, 74 S.W.3d 634, 650 (Ark. 2002) (noting failure of state courts to decide the issue). As it appears to the Court that the Plaintiff may be able to assert a claim for libel under the circumstances of this case[2] and that, if so, the statute of limitations has not run thereon, the Defendant's motion to dismiss on limitations grounds is DENIED.

---

[2] The Defendant's motion to dismiss does not address the merits of the libel claim.

IT IS SO ORDERED this 3rd day of August, 2007.

                                               s/ J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE