```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```
_____

SHANAE CHANDLER,                )
                                )
    Plaintiff,                  )
                                )
v.                              )       No. 06-2742 B/P
                                )
JOHN PATRICK DALY,              )
                                )
    Defendant.                  )

_____

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS**
_____

Before the court by orders of reference are defendant John Patrick Daly's Motion to Dismiss for Lack of Prosecution, filed on February 14, 2008, and Motion for Sanctions, filed on March 6, 2008. (D.E. 72, 82). On March 3, 2008, plaintiff Shanae Chandler filed her response in opposition to the Motion to Dismiss, and on March 24, 2008, she filed her response in opposition to the Motion for Sanctions.

On April 24, 2008, the court held a hearing on the motions. Counsel for all parties were present and heard. The court has considered the arguments of counsel and briefs submitted in support of and in opposition to the motions and their attached exhibits. For the reasons below, it is recommended that the motion to dismiss be denied. It is ordered that the motion for sanctions be granted in part and denied in part.

## I. PROPOSED FINDINGS OF FACT

In this case, Chandler has brought claims against Daly for libel *per se* and intentional infliction of emotional distress based on oral statements allegedly made to a third party in June of 2001. On June 26, 2007, Daly served Chandler with his first set of discovery requests. Chandler, however, did not provide timely responses to these requests. On September 17, Chandler's counsel provided incomplete and unverified discovery responses and promised to forward verified copies of the responses with supplementation and initial disclosures by the end of that week. Chandler's counsel also stated that he was in the process of obtaining Chandler's medical records and would supplement her responses when the records arrived. In addition, on two occasions, Chandler arrived late to her deposition and did not provide any of the documents requested. On October 5, 2007, Chandler produced supplemental unverified responses and promised to provide her initial disclosures at a later date.

Due to Chandler's failure to cooperate in discovery, Daly filed a motion to compel discovery on October 26, 2007, which the court granted in part on October 31, 2007. When Chandler failed to fully comply with the order on Daly's first motion to compel, Daly filed a second motion to compel on February 14, 2008. Prior to the hearing on April 24, 2008, the parties resolved the second motion to compel by agreement.

Daly relies on essentially the same arguments for his motion to dismiss and motion for sanctions. He argues that Chandler failed to produce overdue discovery responses and to respond to his attorney's repeated overtures regarding her responses, and therefore, Chandler's claim should be dismissed under Federal Rules of Civil Procedure 37 and 41, and sanctions should be imposed in the form of reasonable expenses and attorney's fees in the amount of $2,500.00 under Rule 37.[1] Daly contends that Chandler's failure to respond to discovery was willful and in bad faith and that he has been prejudiced by her failure to prosecute her case and participate in the discovery process. Daly also states that sanctions are warranted because the court previously warned Chandler that sanctions could be imposed if she failed to produce the documents requested.

Chandler argues that her conduct has not resulted in any prejudice against Daly and that the court has not warned her that it could impose the sanction of dismissal for failure to respond to discovery requests. In addition, Chandler states that she did not respond to certain requests because she was not in possession of the requested records.

## II. PROPOSED CONCLUSIONS OF LAW

---

[1] At the hearing on these motions, Daly stated that he actually incurred over $5,000.00 in attorney's fees and expenses as a result of filing the motions. However, Daly stated that he was only requesting reimbursement in the reduced amount of $2,500.00.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any other order of the court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citations and internal quotations omitted). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997). In addition, Federal Rule of Civil Procedure 37 authorizes the court to impose sanctions in the form of attorneys' fees and costs for a party's failure to comply with court orders or to participate in discovery. Fed. R. Civ. P. 37(b).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute or monetary sanctions are warranted:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or

considered.

Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); see also Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support that sanction. Vinci v. Consol. Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991).

The court submits that Chandler's excessive delays in responding to Daly's discovery requests were a result of neglect by Chandler and her counsel and were not willful or done in bad faith. The court also finds that any prejudice to Daly should be cured by the production of documents pursuant to the parties' agreement on the second motion to compel, the order allowing Daly to file a reply brief in connection with his motion for summary judgment, the order continuing the trial, and as discussed below, a partial award of attorney's fees. Moreover, although the court entered an order to show cause based on her failure to file a response to Daly's summary judgment motion – and warned Chandler that her case could be dismissed if she failed to respond – the court did not previously warn Chandler that her case could be dismissed for failure to comply with discovery. Further, less drastic sanctions have not been previously imposed in this case.

Therefore, the court submits that Chandler's delays in complying with the discovery process do not warrant the severe sanction of dismissal. See Patton v. Aerojet Ordnance Co., 765

F.2d 604, 607 (6th Cir. 1985) (dismissal is "a sanction of last resort"). However, the court finds that due to Chandler's neglect of her case and failure to timely provide Daly with discovery, which caused Daly to file these motions, a partial award of attorney's fees in the amount of $1,250.00 is warranted under Rule 37.

### III.  ORDER ON MOTION FOR SANCTIONS

For the reasons above, the court GRANTS in part and DENIES in part the motion for sanctions, and ORDERS Chandler to pay Daly $1,250.00 in attorney's fees and expenses within thirty (30) days from the date of this order.  Chandler is warned that failure to participate in discovery and to comply with court orders shall result in dismissal of her complaint with prejudice.

### IV.  RECOMMENDATION

The court recommends that Daly's motion to dismiss be DENIED.

Respectfully submitted,

s/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge

June 4, 2008
_____
Date

**NOTICE AS TO REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

**ANY OBJECTIONS OR EXCEPTIONS TO THE REPORT AND RECOMMENDATION MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN**

**(10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**