# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHANAE CHANDLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-2742-STA-tmp |
| JOHN PATRICK DALY, | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL

Before the Court is Defendant's Notice Regarding Noncompliance with Court Orders and Request by Defendant John Patrick Daly to Apply the Sanction of Dismissal Per the Court's June 4, 2008, Order, (D.E. # 100), filed on June 6, 2008. Plaintiff responded by filing a Notice on June 6, 2008. (D.E. # 101). Defendant filed a Reply on June 11, 2008.

### BACKGROUND

Plaintiff sued Defendant for libel per se and intentional infliction of emotional distress based on oral statements allegedly made to a third party in June of 2001. On June 26, 2007, Defendant served Plaintiff with his first set of discovery requests. Plaintiff did not provide timely responses to these requests. On September 17, Plaintiff's counsel provided incomplete and unverified discovery responses and promised to forward verified copies of the responses with supplementation and initial disclosures by the end of that week. Plaintiff's counsel also stated that he was in the process of obtaining Plaintiff's medical records and would supplement her responses when the records arrived. In addition, on two occasions, Plaintiff arrived late to

1

her deposition and did not provide any of the documents requested. On October 5, 2007, Plaintiff produced supplemental unverified responses and promised to provide her initial disclosures at a later date.

Due to Plaintiff's failure to provide the discovery information, Defendant filed a Motion to Compel on October 26, 2007, which the Court granted in part on October 31, 2007. When Plaintiff failed to fully comply with the Order on Defendant's first Motion to Compel, Defendant filed a second Motion to Compel on February 14, 2008. Prior to the hearing before the Magistrate Judge on April 24, 2008, the parties resolved the second motion to compel by agreement.

On May 5, 2008, the Magistrate Judge entered an agreed order requiring Plaintiff to produce all outstanding discovery within thirty (30) days from the date of entry of the Order. Then, on June 4, 2008, the Magistrate Judge entered a Report and Recommendation recommending that Defendant's Motion to Dismiss be denied. The Court warned Plaintiff at that time, however, that failure to participate in discovery and to comply with Orders of the Court would result in dismissal of her Complaint with prejudice. On June 6, 2008, Defendant filed a notice of noncompliance with Court Orders which stated that Plaintiff had failed to produce any of the outstanding discovery she agreed to provide through the May 5, 2008, Order. Therefore, Defendant requested the sanction of dismissal of this action pursuant to Rule 41(b) due to Plaintiff's failure to comply with the Court's Orders and pursuant to Rule 37(d) for Plaintiff's failure to respond to discovery. Later that same day, June 6, 2008, Plaintiff responded with a Notice which stated that Plaintiff believed, under Rules 5 and 6 of the Federal Rules of Civil Procedure, that she had until June 9, 2008, to comply with the Court's Order, and therefore,

Defendant's Notice was premature. She then filed a Motion to Extend Deadline which the Court denied for failure to comply with the Local Rules. On June 11, 2008, Defendant sought leave to file a Reply. The Reply states that Plaintiff still has not produced all of the information she agreed to produce.

## ANALYSIS

A court has the inherent power to control its docket including dismissing a civil case for lack of prosecution when the plaintiff fails to "diligently move the case to conclusion by obeying the court's pretrial orders . . . ."[1] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[2] In addition to this inherent power, the court also has express power under the Federal Rules of Civil Procedure.

### A.  Involuntary Dismissal Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) states that a defendant may move for dismissal of an action based on the plaintiff's failure to prosecute or to comply with a court order.[3] The rule further states that a dismissal under this section can be an adjudication upon the merits.[4] The Sixth Circuit has noted that when a plaintiff receives notice that the court is contemplating dismissal, and the court finds bad faith, a dismissal with prejudice may be appropriate.[5] Because

---

[1] *Polk-Osumah v. Wayne County, Mich.*, 205 F.R.D. 199, 201 (E.D. Mich. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[2] *Link*, 370 U.S. at 630–31.

[3] Fed. R. Civ. P. 41(b).

[4] *Id.*

[5] *Knoll v. AT & T Co.*, 176 F.3d 359, 363–64 (6th Cir. 1999).

dismissal with prejudice is an extreme sanction, however, it should only be used when a "clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[6] Furthermore, the Supreme Court has stated that dismissal of a plaintiff's claim due to the unexcused conduct of her counsel does not impose an unjust penalty on the client.[7] This is because a plaintiff voluntarily chooses her attorney as her representative and must accept the consequences of the acts or omissions of her freely selected agent.[8] When considering whether to dismiss a case for failure to prosecute under Rule 41(b), the court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.[9]

"Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."[10]

Applying the factors to the case at hand, the Court determines that dismissal is appropriate. Regarding the first factor, willfulness, bad faith, or fault, the Court finds that Plaintiff is at fault in causing the dismissal due to her failure to respond to discovery and failure

---

[6] *Pope v. Memphis Police Dep't.*, 762 F.2d 1013 (6th Cir. 1985) (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir. 1983) (internal quotation marks omitted)).

[7] *Link*, 370 U.S. at 633–34.

[8] *Id.*

[9] *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)).

[10] *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

4

to comply with the Court's Orders. Furthermore, Plaintiff's inaction indicates fault on her behalf. First, Plaintiff failed to timely answer Defendant's first set of discovery requests. When Plaintiff did respond, she provided incomplete and unverified discovery responses. Furthermore, Plaintiff arrived late on two occasions to her deposition and did not provide the documents requested. Plus after the Court granted Defendant's Motion to Compel, Plaintiff still failed to comply until after Defendant had filed a second Motion to Compel. Next, even after Plaintiff was warned in the Report and Recommendation that failure to comply with the Court's Orders would lead to dismissal of her case, Plaintiff still failed to produce the outstanding discovery. The Court, therefore, finds that these failures on Plaintiff's part show fault.

As to the second factor, it appears that Defendant has been prejudiced by Plaintiff's conduct. Although, at the time the Magistrate Judge entered the Report and Recommendation, the Court found that the circumstances of this case did not warrant dismissal, Plaintiff's continued failure to obey the Orders of the Court and produce the information she agreed to produce now shows the record of delay and contumacious conduct that makes dismissal appropriate. Defendant has been unable to proceed with discovery because Plaintiff has failed to provide the documents requested. This delay undoubtedly prejudiced Defendant by affecting his ability to prepare a defense to Plaintiff's claim. In applying the third factor, whether Plaintiff was warned that failure to cooperate could lead to dismissal, the Court finds that this factor also weighs in favor of dismissal. In the Report and Recommendation on Defendant's Motion to Dismiss, the Court cautioned Plaintiff that failure to comply with the Court's Orders would result in dismissal of her claim.

Regarding the fourth factor, whether the Court considered less drastic sanctions, the

Court has given Plaintiff ample opportunity to comply with the Orders of the Court, but Plaintiff has failed to do so. Additionally, the Court has previously imposed the lesser sanction of ordering Plaintiff to pay Defendant's fees and expenses. Based on this clear record of delay and contumacious conduct, the Court finds that no lesser sanction would better serve the ends of justice. Therefore, Plaintiff's claim is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders.

**B. Dismissal as a Sanction for Discovery Abuse Under Rule 37(b)**

In addition to the Court's power to dismiss an action under Rule 41(b), the court also has the authority to dismiss under Federal Rule of Civil Procedure 37(b) as a sanction for bad faith conduct during discovery.[11] When a party fails to comply with a court's order granting a motion to compel discovery, the court may impose sanctions under Rule 37.[12] Included among the sanctions that the court may issue is dismissal of the lawsuit.[13] Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[14] As for the specific sanction of dismissal, dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith."[15] In the Sixth Circuit, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful,

---

[11] Fed. R. Civ. P. 37; *Chambers v. NASCO*, 501 U.S. 32, 65 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980).

[12] Fed. R. Civ. P. 37(b).

[13] Fed. R. Civ. P. 37(b)(2)(A)(v).

[14] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

[15] *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).

in bad faith, or due to its own fault."[16] The factors for a court to consider when imposing the sanction of dismissal under Rule 37(b) are the same as those under Rule 41(b).[17]

Based on Plaintiff's discovery delays, the Court finds that dismissal is an appropriate sanction under Rule 37(b). Plaintiff has failed to comply with the Court's Orders compelling discovery responses. It would appear that Plaintiff's failure to abide by the Court's Orders is willful and due to her own fault. Additionally, the Court previously considered and imposed lesser sanctions and specifically warned Plaintiff that failure to cooperate would lead to the sanction of dismissal. Finally, Plaintiff has failed to offer a valid justification as to why she still has not produced all of the documents she agreed to produce. Based on this conduct, Plaintiff's claim is **DISMISSED** under Rule 37(b) as well.

## C. Time Computation

Rule 6(d) of the Federal Rules of Civil Procedure provides for adding an additional three days to the period of time for compliance "[w]hen a party may or must act within a specified time after service . . . ."[18] Plaintiff filed a Response to Defendant's Notice of Noncompliance which states that she believed she had until June 9, 2008, to provide the discovery information ordered by the Court. Plaintiff calculated this time period by adding three days to the thirty day limit imposed by the Court. Plaintiff's reliance on Rule 6 is misplaced. The Court's May 5, 2008, Order directed Plaintiff to provide the discovery information within thirty days from the

---

[16] *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

[17] See *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). As discussed in Part A. above, those factors are: whether the plaintiff's failure to cooperate in discovery shows willfulness, bad faith, or fault; whether the adversary was prejudiced by a failure to cooperate in discovery; whether a party was warned that the failure to cooperate could lead to dismissal; and whether the court considered less drastic sanctions. *Id.*

[18] Fed. R. Civ. P. 6(d).

7

date of *entry* of the Order rather than within thirty days of *service* of the Order. Therefore, Plaintiff was required to produce outstanding discovery on or before June 4, 2008. The Response states that on June 6, 2008, Plaintiff provided some information to Defendant and would provide additional information or seek an extension by June 9, 2008. However, under the Court's order and the clear language of Rule 6(d), Plaintiff's production was not timely. Furthermore, it appears Plaintiff has still not provided all of the information contemplated by the Court's May 5, 2008 Order. Therefore, the Court finds that the sanction of dismissal is appropriate.

## **CONCLUSION**

In accordance with Federal Rules of Civil Procedure 41(b) and 37(b), the Court finds it appropriate to dismiss Plaintiff's action for failure to comply with the Orders of the Court, and for discovery abuse. Therefore Plaintiff's case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date: July 17th, 2008.